# 22-2760

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

YOUT LLC,

*Plaintiff – Appellant*,

v.

RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC.,

DOE RECORD COMPANIES, 1-10

*Defendant - Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT (NEW HAVEN)

CASE NO. 20-cv-1602 (SRU) (RAR)

**MOTION TO FILE BRIEF OUT OF TIME ON BEHALF OF *AMICI CURIAE* SUNO, INC. AND UNCHARTED LABS, INC., d/b/a UDIO.COM
IN SUPPORT OF NEITHER PARTY**

| | |
|---|---|
| LUKE ALI BUDIARDJO | ANDREW M. GASS |
| Latham & Watkins LLP | BRITTANY N. LOVEJOY |
| 1271 Avenue of the Americas | Latham & Watkins LLP |
| New York, NY 10020 | 505 Montgomery Street, Suite 2000 |
| Telephone: (212) 906-1200 | San Francisco, CA 94111-6538 |
| Facsimile: (212) 751-4864 | Telephone: (415) 391-0600 |
| | Facsimile: (415) 395-8095 |

[counsel continued on next page]

SARANG V. DAMLE
RUTH HIRSCH
Latham & Watkins LLP
555 11th Street, NW Suite 1000
Washington, DC 20004
Telephone: (202) 637-3317
Facsimile: (202) 637-2201

*Counsel for Amici Curiae Suno, Inc. and Uncharted Labs, Inc., d/b/a Udio.com*

Suno, Inc. and Uncharted Labs, Inc., d/b/a Udio.com ("Amici") respectfully move for leave pursuant to Federal Rules of Appellate Procedure 29(a)(6) and 27 to file the accompanying amicus brief in support of neither party after the time specified by rule has passed. Counsel for Amici notified counsel of record for appellant and appellee of its intent to file this motion on October 5, 2025. Counsel for appellant ("Yout") indicated that Yout consents to the filing of such a motion. Counsel for appellee Recording Industry Association of America ("RIAA") indicated that RIAA intends to oppose the motion, and asked that a position statement be included in lieu of filing an opposition. That statement, along with a brief response, appears in section B *infra.*

A. **Reasons Why The Motion Should Be Granted**

Amici are artificial-intelligence companies that offer tools for creating new music. Both Amici are asserting fair-use defenses to copyright infringement claims for "training" artificial intelligence products on pre-existing sound recordings. *See* Answer at 31–32 (ECF 28), *UMG Recordings Inc., et al. v. Suno, Inc.* ("*Suno*"), No. 1:24-cv-11611-FDS (D. Mass. Aug. 1, 2024); Answer at 34–35 (ECF 26), *UMG Recordings, Inc., et al. v. Uncharted Labs, d/b/a/ Udio.com* ("*Udio*"), No. 1:24-cv-04777-AKH (S.D.N.Y. Aug. 1, 2024). While the opinion under review here is not overtly about fair use, it jeopardizes the fair use doctrine by misconstruing section 1201 of the Digital Millennium Copyright Act ("DMCA"), a provision of law

1

regarding technological controls on digital copyrighted works that courts have held does not generally afford a fair use defense.

Amici acknowledge that their request to file an amicus brief is unusual because this appeal has been fully briefed and argued.[1] But neither amicus had an interest in this appeal until late September 2025, when a group of plaintiffs affiliated with the RIAA attempted to assert novel claims against Amici under section 1201, relying almost exclusively on the district court opinion under review in this appeal.[2] Neither amicus could have filed a brief in this case prior to oral argument. Udio, which was founded in December 2023, did not exist when this appeal was briefed and did not launch its first product until months after the panel heard oral argument in this case.[3] Suno launched its first music generative AI product in "beta" in July

---

[1] *See* Dkt. 50 (setting deadline for appellant's brief on February 2, 2023); Fed. R. App. P. 29(a)(6) (briefs in support of neither party are to be filed within 7 days of appellant's brief); Dkt. 112 (oral argument held on Feb. 5, 2024).

[2] *See* Mot. to Amend Compl. (ECF 109), *Udio*, No. 1:24-cv-04777-AKH (S.D.N.Y. Sept. 26, 2025); Mot. to Amend Compl. (ECF 126), *Suno*, No. 1:24-cv-11611-FDS (D. Mass. Sept. 19, 2025); *see also* Opp. to Mot. to Amend Compl. at 17–19 (ECF 131) *in Suno*, No. 1:24-cv-11611-FDS (D. Mass. Oct. 3, 2025) (discussing relevance of *Yout v. RIAA* to these amendments).

[3] *See* Answer ¶ 38 (ECF 26), *Udio*, No. 1:24-cv-04777-AKH (S.D.N.Y. Aug. 1, 2024); Udio, *Former Google Deepmind Researchers Assemble Luminaries Across Music And Tech To Launch Udio, A New AI-Powered App That Allows Anyone To Create Extraordinary Music In An Instant*, PR Newswire (Apr. 10, 2024), https://www.prnewswire.com/news-releases/former-google-deepmind-researchers-assemble-luminaries-across-music-and-tech-to-launch-udio-a-new-ai-powered-

2023, after briefing in this appeal had concluded.[4] The group of RIAA-affiliated plaintiffs who brought suit against Amici did not do so until June 2024, four months after this appeal was argued.[5] They did not seek to amend their complaints to add claims under section 1201 until a few weeks ago.

The proposed amicus brief (in support of neither party) raises important issues regarding section 1201's statutory scheme, which was adopted specifically to accommodate fair use. Section 1201 regulates two different types of technological protection measures: those that effectively control *access* to copyrighted works ("access controls"), and those that effectively protect the rights of copyright owners vis-a-vis works that are otherwise accessible *ab initio* ("copy controls*"*). *Compare* 17 U.S.C. § 1201(a) *with id.* § 1201(b). Yout is accused primarily of offering a service or tool for helping others to circumvent the mechanism that YouTube implements to prevent users from downloading videos from its platform. The legality of that conduct turns solely on whether that mechanism is an effective technological protection measure at all, not on which kind of measure it may be,

---

app-that-allows-anyone-to-create-extraordinary-music-in-an-instant-302113166.html.

[4] *See* Answer ¶ 35 (ECF 28), *Suno*, No. 1:24-cv-11611-FDS (D. Mass. Sept. 19, 2025); Suno Model Timeline & Information, https://help.suno.com/en/articles/5782721 (last visited October 5, 2025) (Suno launched "v2," the first version of its current product, in fall 2023).

[5] *See* Compl. (ECF 1), *Suno*, No. 24-cv-11611 (D. Mass. June 24, 2024); Compl. (ECF 1), *Udio*, No. 24-cv-04777 (S.D.N.Y. June 26, 2025).

3

because the statute's so-called "anti-trafficking" provisions forbid offering tools or services to help others circumvent both types of controls. *See* 17 U.S.C. § 1201(a)(2) (access controls); *id*. § 1201(b)(1) (copy controls).

But for Amici and others, it potentially matters a great deal whether the mechanism in question is an access control or a copy control. By design, the statute allows the public to circumvent copy controls, in large part because Congress did not want this statute to prohibit conduct that fair use authorizes. In contrast, the statute presumptively disallows the public from circumventing access controls. Amici thus respectfully seek the opportunity to explain to this Court why Congress treated the act of circumventing copy controls differently from the act of circumventing access controls, and why it is important for the Court to carefully consider that distinction in the context of this appeal.

Amici therefore respectfully request that the Court grant leave to file the accompanying amicus brief.

### B. RIAA's Opposition

As noted above, RIAA requested that a position statement be included in this motion in lieu of an opposition. Below is that statement and a brief response.

RIAA's Statement: RIAA opposes this motion for leave to file an amicus brief out of time. Rule 29(a)(6) requires amicus briefs to be timely filed so the parties can respond in briefing or argument. The deadline for briefs supporting neither party

4

passed more than two and a half years ago, on February 9, 2023. *See* Fed. R. App. P. 29(a)(6) (such briefs "must" be filed 7 days after appellant's principal brief). The motion is untimely by any measure.

Amici lack good cause to reopen briefing because their proposed submission is redundant of arguments already made. Amici seek to address the distinction between access controls and copy controls under 17 U.S.C. § 1201, and whether, and if so how, the fair use affirmative defense to copyright infringement may bear on that statute. The parties and amici who timely sought to participate already briefed these issues. *See, e.g.*, Opening Br. at 32-51 (discussing "distinction between the 'access control' provisions of § 1201(a) and the 'copy control' provisions of § 1201(b)") (cleaned up); *id.* at 60-61 (fair use); Answering Br. at 37-38; EFF Br. at 12-14; Copyright Alliance Br. at 15-19.

Amici's extraordinarily late filing is not excused by the fact that they may need to defend against § 1201(a) claims in proposed amended complaints in separate cases. That should be irrelevant, as such a justification would open the door to many district court litigants submitting belated amicus filings. However, even if amici's pending cases were somehow relevant here, those cases counsel against accepting amici's late brief because amici will have every opportunity to present their arguments to the courts presiding over those cases. RIAA respectfully requests that

the Court deny the motion. If the Court grants the motion, RIAA respectfully requests an opportunity to respond.

Amici's Response: Amici's proposed brief explains that while the opinion below did not contemplate the implications of its ruling on fair use, an affirmance of that ruling by this Court would create a new path for copyright holders to utilize section 1201 to preclude what would otherwise be fair uses of their works. RIAA's members have already used the opinion below in exactly this manner. That would contravene both the statutory framework and Congress's careful attempt to design section 1201 to avoid curtailing fair uses. The RIAA and the record labels it represents would be the primary beneficiaries of that unfortunate result. Understandably, then, the RIAA opposes Amici's effort to bring these issues to this Court's attention. But neither of its arguments are persuasive.

First, the RIAA is wrong that the issues Amici seek to raise have already been discussed. Neither Yout nor the RIAA nor any *amici* discuss the relationship between the doctrine of fair use and Congress's considered decision to withhold a statutory prohibition on circumvention of copy controls. Yout's Opening Brief included only a single mention of fair use. Opening Br. at 60. The cited portion of EFF's brief makes broad policy arguments and does not discuss the access-control / copy-control distinction. EFF Br. at 12–14. The cited portion of the Copyright Alliance's Brief relates to more general arguments regarding fair use and the First

6

Amendment, and likewise does not address the access-control / copy-control distinction. Copyright Alliance Br. at 15–19. And the cited pages of RIAA's Answering Brief address cases discussing dual-purpose technological protection measures like those applied to DVDs—i.e., those that <u>both</u> prevent access to a work by making its contents inaccessible <u>and</u> prevent subsequent copying of that work—which are not at issue in this case. *See* Answering Br. at 37–38.

Second, the RIAA misconstrues the reason Amici could not have filed this brief at an earlier date. Amici have good cause for filing out of time because they did not have relevant products (or, in the case of Udio, did not even exist) when the deadline passed—not simply because new claims have been asserted against them. *See supra* at 2–3. At any rate, it is inequitable for RIAA's members to assert section 1201 claims against Amici in reliance on the district court opinion under review in this appeal, while RIAA seeks to prevent Amici from raising yet-undiscussed reasons why an affirmance of that opinion in what may be a precedential order of this Court would be profoundly wrong.

Dated: October 7, 2025              Respectfully submitted,

                                           LATHAM & WATKINS LLP

                                           /s/ *Luke Ali Budiardjo*
                                           Luke Ali Budiardjo
                                           Latham & Watkins LLP
                                           1271 Avenue of the Americas
                                           New York, NY 10020

Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Andrew M. Gass
Brittany N. Lovejoy
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Sarang V. Damle
Ruth Hirsch
555 11th Street, NW
Suite 1000
Washington, DC  20004
Telephone: (202) 637-3317
Facsimile: (202) 637-2201

*Counsel for Amici Curiae Suno, Inc. and Uncharted Labs, Inc., d/b/a Udio.com*

8

## CERTIFICATE OF COMPLIANCE WITH RULE 27

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,674 words. This motion has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman font.

Dated: October 7, 2025          s/ *Luke Ali Budiardjo*
                                            Luke Ali Budiardjo