MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

March 31, 2026

Writer's Direct Contact
(213) 683-9240
(213) 683-5124 FAX
Rose.Ehler@mto.com

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re: *Yout LLC v. Recording Industry Association of America, Inc.*, No. 22-2760
> Response to Yout's March 25, 2026 Rule 28(j) Letter

Dear Ms. Wolfe:

Defendants-Appellees respond to Yout's Rule 28(j) letter regarding the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment* ("*Cox*").

Yout's letter is not helpful to the resolution of this case. As Yout itself acknowledges, *Cox* "is not an anti-circumvention case." Ltr. at 1. The *Cox* decision addresses *common law* contributory liability for infringement. Yout's complaint involves *statutory* anti-circumvention claims.

Because the claims in *Cox* and those at issue are different, the opinion's discussion of whether a service is "tailored to infringement" has no bearing on this appeal. *Id.* at 1 (quoting Op. at 7). Whether technology may have "noninfringing use[s]" as relevant to contributory liability, it may "nonetheless still be subject to suppression under Section 1201." *Universal City Studios, Inc. v. Reimerdes*, 111 F.Supp.2d 294, 323 (S.D.N.Y. 2000) (citation omitted), *aff'd Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d. Cir. 2001).

The elements for trafficking in anti-circumvention technology are set forth in the statute. Liability for trafficking exists if the defendant traffics in a technology or service that satisfies any one of three disjunctive statutory criteria: (A) it is primarily designed to circumvent technological measures that effectively control access to copyrighted works; (B) it has only limited commercially significant purposes other than to circumvent; *or* (C) is marketed for use in circumvention. 17 U.S.C. §§ 1201(a)(2), 1201(b)(1).

As RIAA's answering brief explains, Br. 48-50, Yout satisfies all three criteria. First, Yout's allegations show the service is "primarily designed" for circumvention because it is designed to let users "create," "preserv[e]," and "save" local copies of YouTube content. JA-272; JA-40–41 (SAC ¶¶ 34, 38, 43). Second, Yout's commercial model is built on "pro" subscriptions tied to its downloading functionality. JA-273; JA-42 (SAC ¶ 52); JA-40, 66 (SAC ¶¶ 37, 165). Third, Yout markets its service for circumvention because it calls itself a "stream

MUNGER, TOLLES & OLSON LLP

Catherine O'Hagan Wolfe
March 31, 2026
Page 2


recording tool," alleges that users can input a URL to create a personal copy; Yout even brands its service with the first four letters of "YouTube" and a logo similar to You Tube's.  JA-273; JA-40 (SAC ¶¶ 34, 36–37); JA-123.

Very truly yours,

*/s/ Rose Leda Ehler*
Rose Leda Ehler

*Counsel for Defendant-Appellant*


**CERTIFICATE OF COMPLIANCE**

I, Rose Leda Ehler, hereby certify that the accompanying letter complies with the type volume limitation of Rule 28(j) of the Federal Rules of Appellate Procedure.  The body of this letter contains 347 words according to the word processing program count.


Dated:  March 31, 2026                          */s/ Rose Leda Ehler*
                                                                Rose Leda Ehler